# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 00 C 50320 | DATE | 6/30/2003 |
| CASE TITLE | Blackshear vs. Messer, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant Holm's motion to dismiss

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, defendant Holm's motion to dismiss is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUN 30 2003 date docketed | 19 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 6-30-03 date mailed notice | |
| | Copy to judge/magistrate judge. | | | |
| /LC | courtroom deputy's initials | Date/time received in central Clerk's Office | SW mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Originally proceeding pro se but now with the help of appointed counsel, plaintiff, Thomas Blackshear, has filed a complaint under 42 U.S.C. § 1983 against various defendants, including Karla Holm, a nurse at the Ogle County Jail ("Jail"). Blackshear claims that, while a pretrial detainee at the Jail, defendants were deliberately indifferent to his serious medical needs. Jurisdiction and venue are proper based on 28 U.S.C. §§ 1331, 1391. Before the court is Holm's motion to dismiss for insufficient service of process and failure to state a claim, filed pursuant to Federal Rules of Civil Procedure 12(b)(5) and (6), respectively.

As for the Rule 12(b)(5) motion, it is true, as Holm points out, that Blackshear did not effect service on her until some twenty-eight months after he originally filed his complaint. This is obviously well past Rule 4(m)'s 120-day limit. But it is equally true the court gave Blackshear repeated (six to be exact) extensions of time to effect service. The last of these gave him until December 30, 2002 to do so. Blackshear's appointed counsel then appeared on January 15, 2003, for a pre-arranged status hearing but did not ask for an additional extension of time under Rule 4 at that hearing. He then served Holm about ten days later on January 24, 2003. Although Blackshear thus missed the deadline for serving Holm under the court's most recent extension by about twenty-five days, the court in its discretion finds good cause exists to extend that deadline until January 24, 2003. See Fed. R. Civ. P. 4(m); Panaras v. Liquid Carbonic Indus. Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). Over two and a half years, Blackshear had requested and received numerous extensions to effect service under Rule 4. At no time did the court instruct Blackshear he was down to his last one. Had Blackshear's counsel requested another extension at the hearing on January 15, 2003, in all likelihood he would have received it. This court certainly does not condone such dilatoriness, but given that it had extended the deadline for effecting service for so long in this case, it does not see the harm in extending it another twenty-five days.

In her Rule 12(b)(6) motion, Holm argues Blackshear's complaint should be dismissed because he failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). Specifically, while acknowledging Blackshear filed at least two grievances with the Jail complaining about his lack of medical treatment, both of which are attached to his complaint, Holm argues those grievances are inadequate as to her because they refer only generically to "the nurse" at the Jail and do not mention her by name. In support of this argument, Holm cites Curry v. Scott, 249 F.3d 493 (6th Cir. 2001), and this court's decision in Roland v. Mushin, No. 01 C 50002, 2002 WL 1008477 (N.D. Ill. May 13, 2002) (Reinhard, J.), which cited Curry with approval. In the court's opinion, however, neither of these cases warrants a dismissal of Blackshear's complaint. The gist of Curry and Roland was that the plaintiffs failed to comply with § 1997e(a) by asserting in their federal complaints "separate claim[s], against [] separate individual[s], premised on [] separate and independent legal theor[ies]" from those in their grievances. Curry, 249 F.3d at 505. Blackshear, on the other hand, is alleging the same claim (denial of appropriate medical attention) against the same individuals ("the nurse" at the Jail and other Jail personnel) and is relying on the same type of legal theory (deliberate indifference to his serious medical needs) as originally set out in his grievances.

But even assuming Curry and Roland support Holm's argument, it matters not because both of those cases predate the Seventh Circuit's opinion in Strong v. David, 297 F.3d 646 (7th Cir. 2002), which essentially held that a prisoner's (at least an *Illinois* prisoner's) grievance need only satisfy liberal notice pleading standards. See id. at 650. "All the grievance need do is object intelligibly to some asserted shortcoming." Id. This court is obviously bound to apply the case law of the Seventh, not the Sixth, Circuit and it finds Blackshear's grievances meet the standard set out in Strong. At the very least, Blackshear's grievances "alert[ed] the prison to the nature of the wrong for which redress is sought," id. – i.e., the lack of treatment for Blackshear's various medical needs. Although Blackshear did not give the name of "the nurse" in his grievances, the remaining details in those grievances, combined with a little follow-up investigation by the Jail (Blackshear alleges none was undertaken), almost certainly would have been enough to figure out who "the nurse" was.

For the reasons stated above, Holm's motion to dismiss is denied.